WASSER et al., Appellants,

v.

RAWIGA COUNTRY CLUB, Appellee.

[Cite as *Wasser v. Rawiga Country Club* (1992), 79 Ohio App.3d 681.]

Court of Appeals of Ohio,
Medina County.

C.A. No. 2052.

Decided April 29, 1992.

*Thomas T. Flynn,* for appellants.

*James R. McIlvaine,* for appellee.

CACIOPPO, Presiding Judge.

Plaintiffs-appellants are members of defendant-appellee, Rawiga Country Club, an unincorporated association. Rawiga operates pursuant to a Code of Regulations.

On April 13, 1988, the board of trustees for Rawiga sent a letter to all members informing them of a special membership meeting to consider amending Rawiga's Code of Regulations. Specifically, the amendment under consideration would require that charter members, who previously paid no dues, to pay partial dues.[1] A proxy was sent to each member with the letter of April 13. The proxy allowed each member to vote either for or against the proposed amendment, as follows:

"I specifically direct my proxy to vote (_____ yes, or _____ no) on the proposed Amendment to Article VI, Section 3 of the Rawiga Country Club Code of Regulations. This amendment would change the Honorary Membership Program as explained in the enclosed material dated April 13, 1988."

A special meeting was held on April 7, 1988 to consider the amendment. Fifty-five members attended the meeting. Of those at the meeting, thirteen voted for the amendment and thirty-three against the amendment. The Secretary reported that one hundred forty-seven proxies were received, with one hundred thirty for and seventeen against the amendment. The final vote was one hundred forty-three for and fifty against the amendment.

The Code of Regulations was presented at trial as a joint exhibit. The relevant provisions of the Regulations are:

---

1. Appellants are members who are affected by the change.

"ARTICLE I

"MEETINGS

" * * *

"SECTION 4—QUORUM.

"Fifteen percent (15%) of the owning and voting members shall constitute a quorum for the transaction of business at any annual or special meeting of the Club members. A quorum shall be determined by counting members present in person or by proxy.

"SECTION 5—PROXY.

"At all regular and special membership meetings of the members of Rawiga Country Club a voting member of the Club may vote by proxy, executed in writing by the member. Proxy forms, as prescribed by the Board of Trustees, shall be sent to each member of the Club with the notice and agenda of said meeting. The executed proxy must be returned to the Club Secretary prior to the meeting and shall designate how said member wishes to vote on each individual issue on the agenda. Said proxy as sent forth may only apply to matters that were sent out on the agenda for that particular meeting and not be used as a quorum to vote on new business brought up at the meeting.

"For the purposes of determining the validity of all proxies, the Secretary of the Club shall be the final authority and as a guideline for determining said validity, will use the general corporation law of the State of Ohio as a guide.

" * * *

"ARTICLE XIV

"REPEALS AND AMENDMENTS

"The Code of Regulations, except Article XIII hereof, may be amended or repealed by a two-thirds (⅔) vote of the members present and entitled to vote at a special meeting called for that purpose."

■ There is no indication that appellants objected at the meeting to the Secretary's voting of the proxies or to the validity of the proxies. Appellants did not raise any objections until filing suit almost two years later. Following a bench trial, the court found that the proxies were invalid because they did not state who would vote the proxies. However, the court further found that appellants had waived any objection and ratified the results by their failure to object. The court also found that the section which was amended could be amended by proxy. Appellants appeal raising two assignments of error.

## Assignment of Error 1

"The court erred when it found that plaintiffs by waiting nearly two years had waived any objections they might have had and have ratified the results of the special meeting."

Appellants assert that the trial court erred by finding that they had waived any objection by waiting almost two years to raise the objection. We do not agree.

Our analysis begins with Section 5, Article I, which states in pertinent part, "For the purposes of determining the validity of all proxies, the Secretary of the Club shall be the final authority and as a guideline for determining said validity, will use the general corporation law of the State of Ohio as a guide." The validity of proxies according to Ohio corporation law is determined by R.C. 1701.48(A), which states:

"A person who is entitled to attend a shareholders' meeting, to vote thereat, or to execute consents, waivers, or releases, may be represented at such meeting or vote thereat, and execute consents, waivers, and releases, and exercise any of his other rights, by proxy or proxies appointed by a writing signed by such person."

The proxy utilized by Rawiga did not explicitly identify an agent to act on behalf of the member. Therefore, we agree with the trial court that this proxy would be invalid under R.C. 1701.48(A).

Section 5, Article I, provides that all questions concerning the validity of proxies shall be decided by the Secretary. Further, all decisions of the Secretary, using R.C. 1701.48(A) as a guideline, shall be final. Appellants did not raise the question of the validity of the proxies at the meeting, when the Secretary could have acted. Therefore, we agree with the trial court that appellants waived any objection to the validity of the proxies.

The first assignment of error is overruled.

## Assignment of Error 2

"The trial court erred by determining that Article VI of the Code of the Regulations could be amended by proxy vote."

Appellants assert in their second assignment of error that the provision in question could not be amended by proxy vote. We do not agree. Section 5, Article I, provides that "[a]t all regular and special membership meetings * * * a voting member of the Club may vote by proxy, executed in writing by the member." The meeting at which the amendment was considered was a special meeting. Therefore, pursuant to the clear language of

Section 5, Article I, members could vote by proxy to amend the provision in question.

The second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE and COOK, JJ., concur.